IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DELANEY BARNES,

    Petitioner,                        No. CIV S-08-2344 DAD P

    vs.

BOARD OF PRISON TERMS,         ORDER AND

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Therein, petitioner challenges a May 19, 2008 decision by the Board of Parole Hearings to revoke his parole.

        Petitioner filed his original petition with the court on October 3, 2008. Petitioner filed his amended petition on October 17, 2008. The court's own records reveal that on August 6, 2008, petitioner filed a petition for writ of habeas corpus also challenging that same decision of the Board of Parole Hearings in Case No. CIV S-08-2021 EFB P.[1] That petition is still pending before the court.

/////

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

Where a pro se petitioner files a new petition before the district court has adjudicated the petitioner's prior petition, the court should construe the new petition as a motion to amend the pending petition rather than as a "second or successive" petition. See Woods v. Carey, 525 F.3d 886, 890 (9th Cir. 2008). In Woods, a pro se petitioner had filed a habeas petition ("2003 petition"), challenging among other things a decision by the California Board of Prison Terms finding him ineligible for parole. Id. at 887. Before the district court issued a ruling on the 2003 petition, petitioner filed another pro se petition ("2004 petition"), challenging among other things his reclassification by the Board of Prison Terms as a life prisoner. Id. at 887-888. The district court dismissed petitioner's 2004 petition as successive, pointing out that a court may not review a "second or successive" petition unless the petitioner has obtained authorization from the court of appeals. Id. at 888. The Ninth Circuit reversed, explaining:

> "A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, ___U.S.___, ___, 127 S. Ct. 2197, 2200 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal citations omitted); see also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir .2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); United States v. Seesing, 234 F.3d 456, 462 (9th Cir.2001) ("Pro se complaints and motions from prisoners are to be liberally construed."). If Woods had the benefit of counsel at the time he filed the instant petition, that counsel certainly would have filed the 2004 claims as an amendment to the 2003 petition. . . .
>
> Thus, we hold that the district court should have construed Woods's pro se habeas petition as a motion to amend his pending habeas petition. The district court then has the discretion to decide whether the motion to amend should be granted.

Id. at 888-890. See also Ching v. United States, 298 F.3d 174 175 (2d Cir. 2002) (holding that "a habeas petition submitted during the pendency of an initial § 2255 motion should be construed as a motion to amend the initial motion"); Grullon v. Ascroft, 374 F.3d 137, 138 (2d Cir. 2004) (extending the holding in Ching to cover successive petitions filed under § 2241).

/////

Applying the Ninth Circuit's holding in <u>Woods</u> to this case, the court will construe petitioner's October 17, 2008 pro se amended petition as a motion to amend his pending habeas petition in Case No. CIV S-08-2021 EFB P.  Of course, district courts have discretion to decide whether a motion to amend should be granted.  <u>See</u> 28 U.S.C. § 2242; Fed. R. Civ. P. 15(a); <u>see</u> <u>also</u> <u>Woods</u>, 525 F.3d at 890.  Whether petitioner should be allowed to amend his petition in Case No. CIV S-08-2021 EFB P is a question properly left to the assigned judge in that earlier filed case.

**CONCLUSION**

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. The Clerk of the Court be directed to refile petitioner's October 17, 2008 amended petition in petitioner's earlier filed case, Case No. CIV S-08-2021 EFB P; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 26, 2008.

DAD:9
barn2344.156

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE